**IN THE UNITED STATES BANKRUPTCY COURT FOR**
**THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:**<br><br>**SANTOS ORTEGA RAMOS**<br><br><br><br>**Debtor(s)** | **CASE NO. 16-03165 BKT**<br><br>**Chapter 13**<br><br>**Adversary No. 17-00092** |
| **SANTOS ORTEGA RAMOS**<br><br>**Plaintiff**<br>vs.<br><br>**BANCO POPULAR DE PUERTO RICO**<br><br>**Defendant(s)** | **FILED & ENTERED ON 05/09/2018** |

## OPINION & ORDER

Before the court is *Plaintiff's Motion for Summary Judgment on the Validity, Extent and Dischargeability of Lien* filed by Plaintiff, Santos Ortega Ramos ("Debtor" or "Plaintiff") [Dkt. No. 27]; the *Opposition to Plaintiff's Motion for Summary Judgment on the Validity, Extent and Dischargeability of Lien and Cross-Motion for Summary Judgment* and *Response to Plaintiff's Proposed Uncontested Material Facts* filed by Defendant Banco Popular de Puerto Rico ("Defendant" or "BPPR") [Dkt. No.'s 30 & 31] and Plaintiff's *Reply in Support of Plaintiff's Motion for Summary Judgment* [Dkt. No. 36]. For the reasons set forth below, *Plaintiff's Motion for*

1

*Summary Judgment on the Validity, Extent and Dischargeability of Lien* is GRANTED.

**FACTUAL BACKGROUND**

On October 4th, 2000, Debtor acquired a residential real property from a "sucesión" or community of heirs comprised of Daisy Mercedes, Angel Manuel, Francisco, José Antonio, Andres, Luz Maria and Angel Luis of surnames Morales Rivera (hereinafter the "Community of Heirs") through Deed No. 4, (hereinafter "Purchase Deed") before Notary Public Gerardo Cordero González. [Dkt. No. 1]. On October 25, 2000, the Purchase Deed was presented to the Registry of Property, Fourth Section of Bayamon for recordation. [Dkt. No. 1]. Subsequently, Debtor and the defunct Doral Mortgage Corporation (hereinafter "Doral") executed a Mortgage Deed, No. 636, before Notary Public, Reynaldo Segurola Pérez, as guarantee in favor of Doral on October 4, 2000, [Dkt. No. 1]. On October 25, 2000, the Mortgage Deed was presented to the Registry of Property, Fourth Section of Bayamon for recordation. [Dkt. No. 1]. The Mortgage Deed executed by both parties was recorded by virtue of the "Act to Streamline the Property Registry", Law No. 216, Dec. 27, 2010, P.R. Laws Ann. Tit. 30, § 1821 [hereinafter "Law 216"]. According to Defendant's title study, the record owner of the property at the time of purchase were Mr. Guillermo Morales Rodriguez and his wife, Paula Rivera Diaz (hereinafter the "Record Owners") [Dkt. No. 1]. The Record Owners were the parents of the Community of Heirs and both were deceased at the time of purchase by Debtor [Dkt. No. 40]. At present, BPPR is the holder of the mortgage note originally constituted in favor of Doral Mortgage Corporation [amended claim 1-2].

2

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 56(c), made applicable in bankruptcy by Federal Rule of Bankruptcy Procedure 7056, summary judgment is available if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Borges ex rel. S.M.B.W. v. Serrano-Isern, 605 F.3d 1, 4 (1st Cir. 2010). As to issues on which the movant, at trial, would be compelled to carry the burden of proof, it must identify those portions of the pleadings which it believes demonstrates that there is no genuine issue of material fact. In re Edgardo Ryan Rijos & Julia E. Cruz Nieves v. Banco Bilbao Vizcaya & Citibank (In re Rijos), 263 B.R. 382, 388 (B.A.P. 1st Cir. 2001).

A fact is deemed "material" if it potentially could affect the outcome of the suit. Borges 605 F. 3d at 5. Moreover, there will only be a "genuine" or "trial worthy" issue as to such a "material fact," "if a reasonable fact-finder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor." Id. at 4. The court must view the evidence in a light most favorable to the nonmoving party. Alt. Sys. Concepts, Inc. v. Synopsys, Inc., 374 F.3d 23, 26 (1st Cir. 2004). Therefore, summary judgment is "inappropriate if inferences are necessary for the judgment and those inferences are not mandated by the record." Rijos, 263 B.R. at 388.

In the motions for summary judgment presently before this court, there are no pertinent facts in controversy. In light of the above, one of the parties is therefore entitled to judgment as a matter of

3

law pursuant to Fed. R. Civ. P. 56, made applicable in bankruptcy by Federal Rule of Bankruptcy Procedure 7056.

Plaintiff seeks an order avoiding and annulling a presumptive mortgage lien held by BPPR (as assignee of Doral Mortgage Corporation) over residential real property owned by the Debtor located in Vega Baja, P.R. (the "Property"). Debtor seeks a determination that claim number 1 filed by BPPR, purportedly secured by a mortgage lien against the property, is entirely dischargeable as an unsecured claim as a matter of law. Plaintiff argues "[w]hether BPPR's lien survive Debtor's challenge in the view of the broken successive chain of ownership in the Registry" [Dkt. No. 1]. The case before us concerns a property whose successive chain of ownership in the Registry of Property was interrupted. At the time that Debtor filed his voluntary petition, said Property was recorded by a Mortgage Deed presented by Defendant pursuant to Law 216. 2010 P.R. Laws No. 216.

**Puerto Rico Mortgage Law**

Pursuant to Puerto Rico Law, every mortgage must satisfy three essential requisites in order to be validly constituted: (i) "secure the fulfillment of a principal obligation;" In re Ramos, 493 B.R. 355, 365 (2013) (ii) be "stipulated in a deed" and; (iii) it shall be recorded at the Registry of Property. P.R. Laws Ann. Tit. 30, § 2607. In its linguistic term, "constitutive" stands for: (i) "[m]aking a thing what it is; essential and (ii) [h]aving powers to institute, establish, or enact." RANDOM HOUSE WEBSTER'S DICTIONARY (1990). Without the recording, "[t]he mortgage deed turn[s] the promissory note into a personal obligation, unsecured, solely enforceable against the maker." Roig Commercial Bank v. Dueño, 617 F. Supp. 913, 915 (D.P.R. 1985). In other words, "[a] creditor [will] only ha[ve] an unsecured personal obligation regarding the underlying debt. Soto-Rios

4

v. Banco Popular de Puerto Rico, 662 F. 3d 112, 121 (1st Cir. 2011); see also In re Amelan, 499 B.R. 236, 238 (2013).

In accordance with the above, "[t]he presentation of the mortgage deed at the Registry of Property is the catalyst for the recording process in Puerto Rico." ACM Penfield, LLC v. Jolley-Talley, 2016 WL 715761 at 1 (internal citations omitted). Subsequent to presentation, "the registrar must pass judgment on the documents within sixty days, or some 'just cause' period thereafter, and then either…record them or alert the applicant [should there be] any defect." Soto Rios, 662 F. 3d at 121.

Also, in order for a mortgage deed to properly gain access to the Registry of Property it must comply with the successive chain of ownership, also known as "tracto sucesivo" in Spanish. Article 57 of Puerto Rico Mortgage Law of 2015 prescribes, in pertinent part, that:

> In order to record documents that declare, convey, encumber, modify or extinguish dominion and other real rights on real property, the right of the person who grants them or in whose name the referred transactions or contracts are granted must appear previously recorded.
>
> Registration shall be refused if the right is recorded in the name of a person other than the one who is granting the conveyance or lien. P.R. Laws Ann. Tit. 30, § 2260.

It is well established law that "[t]he principle of chain of title is manifested in the Registry's entries in two ways: (i) the system of prior registration so that each device has its own entry, and (ii) the abbreviated system version of chain of title which allows successive devices to appear in an orderly manner with their corresponding acquisitions." Chase Manhattan Bank v. Registrador, 136 D.P.R. 650 (1994). Therefore, Article 57 seeks that the "[r]eal estate registry system be predicated on

5

the certainty and correction of its entries." In re Perez Mujica, 457 B.R. 177, 188 (2011). As mentioned before, the sole purpose of Article 57 is to assert that every document that gains access to the Registry is "[c]omplete and clear as possible." Id. In other words, "[i]f the title submitted appears to be authorized by someone different from that found in the Registry, that is, the titular registrant, the Registry must remain closed, thereby making inscription impossible." Chase Manhattan Bank, 136 D.P.R. at 661.

Professor Luis Rafael Rivera Rivera [hereinafter "Rivera Rivera"] posits that the principle of the successive tract or continuance requires that the judicial history of every registered real property, in regards to its successive titleholders, should appear without any gap or interruptions. Luis Rafael Rivera Rivera, *Derecho Registral Inmobiliario Puertorriqueño*, 226 3rd ed. (2012). Thus, stating that "today's transferee shall be yesterday's acquirer, and the actual titleholder according to the registry shall be tomorrow's transferee." Id. In other words, when a mortgage deed tries to record the property right of someone that appears to be different from that of the granter, such recordation shall be denied *prima facie*. Id. at 228.

Furthermore, when a hereditary right is transferred, Article 134 of the Puerto Rico Mortgage Law of 2015 prescribes, in pertinent part, that:

> The heirs and legatees will not be able to register immovable property or real rights in their favor without having previously registered or requesting the registration of the title of their decedents. P.R. Laws Ann. Tit. 30, § 6189.

Similar to the case under consideration, the plaintiff in In re Ramos challenged the defendant's status as a secured creditor. The plaintiff's argument was that the registration of the mortgage deed

6

was invalid pursuant to Article 57 of the Puerto Rico Mortgage Law, because the successive chain in the Registry of Property was interrupted. In re Ramos, 493 B.R. at 36. In both, In re Ramos and the case at bar, the registered owner is someone different from the person who executed the mortgage deed. As noted before, when there is missing a link in the successive chain of title, the mortgage deed is by virtue invalid, thus making the lien void, and turning the obligation into an unsecured personal one. Roig Commercial Bank, 617 F. Supp. at 915.

It is a well-known principle in Puerto Rico Mortgage Law, that when the submitted title is authorized by someone different from that of the titular registrant, the Registry shall close its doors making that document's inscription impossible. Chase Manhattan Bank, 136 D.P.R. at 650.  By doing so, the Registrar safeguards third parties interests in real property, giving certainty that every document that is recorded pursuant to Puerto Rico Mortgage Law is exact and reliable. In the case before us, Popular contends that its Mortgage Deed was validly recorded under Law No. 216. For the reasons set forth below, this court disagrees.

**Law 216**

Acknowledging the judicial traffic and the backlog in the Commonwealth's Property Registry, the Legislature enacted the Law 216. Pursuant to this law, "all documents presented as of April 30, 2010, with enumerated exceptions, are deemed re[corded] as a matter of law." ACM Penfield, LLC., 2016 WL 715761 at 1; (citing Soto-Rios, F. 3d at 114 n. 1. Law 216 contains several exceptions to its general disposition not applicable to the case at bar. Id. "Law 216 creates, in essence, a rebuttable presumption of valid recordation." In re Ramos, 493 B.R. at 368. Examining

7

the Legislative *Ratio* behind Law 216 one can attest that its sole purpose was "[t]o facilitate the recordation of documents that in several instances took over 10 to 15 years for the registrar to be able to review and record." Id. at 367. In pertinent part, Law 216, prescribes:

> Various factors have caused this delay, to wit, the dramatic increase in the presentation of documents during the 1990s; the slow implantation of modern computerized systems, the complexity of the documents; and above all, the serious disproportion between the human and fiscal resources allocated to the Property Registry and the function it carries out within our society. 2010 P.R. Laws No. 216 at 2.

It is without a doubt that the anomaly in the recordation process "[i]mpedes the mortgage loans from having actual guarantees, which renders access to capital and consequently, economic growth more difficult." In re Ramos, 493 B.R. at. 367; (citing Law 216's Statements of Motives, 2010 P.R. Laws No. 216 at 2; Sanchez Diaz v. Estado Libre Asociado de Puerto Rico, 181 D.P.R. 810, 826-827 (2011)). This setback was the finality to promote Law 216 as a temporary measure for all those documents that were not yet recorded in the Registry. In re Ramos, 493 B.R. at 367. Therefore, we concur with Ramos' holding that "Law 216 does not save BPPR from the inevitable conclusion that there is a defect in the recordation which prevents Defendant from having a valid registered lien on the property". Id.

Similar to In re Ramos, there is no doubt that at the moment when Plaintiff filed its voluntary petition, the "Purchase Deed" was not recorded in the Registry Property, and therefore it was impossible under Puerto Rico Law for BPPR to have had a valid lien. Id. It is has been well established that "[w]ithout successive record, Doral's Mortgage lien may not be validly recorded in accordance to Article 57 of the P.R. Mortgage Act of 1979, P.R. Laws Ann. Tit. 30, § 2260." Id.

Another argument brought to our consideration is the allegation made by Defendant where he contends that "[o]nce title vested in debtor, the mortgage lien in question has tract and access to the Registry by its own right and not subject to any special provisions of Law 216 of December 27, 2010, 30 P.R. Laws Ann. § 1812-1831" [Dkt. No. 30]. The court rejects Defendant's argument because it arises from the Registry that the aforementioned mortgage lien was registered under the provisions of Law 216 [Dkt. No. 27].

In light of the aforementioned, this court holds that BPPR's Mortgage Deed was not properly recorded pursuant to Puerto Rico Mortgage Law, and therefore Defendant does not hold a secured claim.

WHEREFORE, IT IS HEREBY ORDERED that *Plaintiff's Motion for Summary Judgment on the Validity, Extent and Dischargeability of Lien* [Dkt. No. 27] is GRANTED.  BPPR's claim number 1-2 is allowed as a general unsecured claim.

SO ORDERED

In San Juan, Puerto Rico, this 9th day of May, 2018.

Brian K. Tester
U.S. Bankruptcy Judge

9